UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Eastern District of Kentucky
**FILED**
JAN - 3 2007
At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

Civil Action No. 06-15-HRW

**ARTHUR GROVES,**     **PLAINTIFF,**

v.     **MEMORANDUM OPINION AND ORDER**

**JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,**     **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his application for a supplemental security income benefits on July 17, 1992, alleging disability beginning on July 1, 1992, due to mental retardation, behavior problems, learning problems, seizures and headaches. Benefits were granted on March 24, 1993, with an effective date of July 1, 1992

(Tr. 17).

On November 15, 2001, however, the Commissioner advised Plaintiff that pursuant to a continuing disability review, his benefits would cease as he had been found not to be disabled as of November 1, 2001 (Tr. 17, 97). Plaintiff requested review and was denied on reconsideration. Plaintiff then requested a hearing, which was convened on November 16, 2004 by Administrative Law Judge William Gitlow ("ALJ"). At the hearing Plaintiff, accompanied by counsel, testified. Plaintiff's mother also testified as did Gina Baldwin, a vocational expert ("VE").

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

2

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On May 27, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 17-25).

Plaintiff was 26 years old at the time of the hearing decision (Tr. 18). He has a high school education and past relevant work experience as a floor cleaner (Tr. 18).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 24).

The ALJ then determined, at Step 2, that Plaintiff suffered from a scalp cyst and polysubstance abuse, which he found to be "severe" within the meaning of the Regulations (Tr. 24).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 24).

3

At Step 4, the ALJ concluded that Plaintiff could return to his past relevant work, thereby concluding that he was not disabled.

The ALJ further determined that Plaintiff has the residual functional capacity ("RFC") to perform a significant range of heavy work (Tr. 24). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 25).

Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on November 29, 2005 (Tr. 8-11).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account

4

whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff provides only cursory arguments in support of his motion for summary judgment, which is little more than a recitation of portions of the ALJ's decision and the record. The only substantive challenge to the Commissioner's decision, while vague and difficult to discern, seems to be that the ALJ erred in finding that Plaintiff's polysubstance abuse would be material to a finding of disability[1].

---

[1] The "Contract with America" Legislation, passed in 1997, precludes Title XVI benefits where alcohol or substance abuse was "material" to the finding of disability

5

The Court is mindful that the burden is on Plaintiff to prove that his substance and alcohol abuse was not material to the finding of disability. As noted above, Plaintiff has failed to refer to any evidence or make any cogent argument in this regard. Specifically, Plaintiff has failed to show that his alleged mental condition caused work-related limitations absent his polysubstance abuse. Nor has he proffered any evidence that that his mental condition, whether severe or non-severe, caused anything greater than a moderate limitation in his ability to maintain attention and concentration, as found by the ALJ (Tr. 21).

Further, although he maintains that his IQ scores were "inflated," Plaintiff provides no basis for his accusation. "'Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997). Further, "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.'" *Id.*

The Court having reviewed the record finds that the ALJ's decision is supported by substantial evidence.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's

6

Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 3rd day of January, 2007.

/s/ 

HENRY R. WILHOIT, JR.
SENIOR U. S. DISTRICT JUDGE